UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARY L. HARDNETT**                                                       **CIVIL ACTION**

**VERSUS**                                                                         **NO. 20-132-SDD-RLB**

**LOUISIANA HEALTH SERVICE &**
**INDEMNITY COMPANY**

## ORDER

Before the Court is Plaintiff's Motion to Quash Defendant's Subpoena filed on January 5, 2021. (R. Doc. 9). The Court ordered expedited briefing. (R. Doc. 10). The motion is opposed. (R. Doc. 11).

**I.    Background**

Mary L. Hardnett ("Plaintiff") brought this wrongful termination action under the Americans with Disabilities Act ("ADA") and state law against her former employer, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana ("Defendant"). (R. Doc. 1). Plaintiff alleges that she was wrongfully terminated after she requested additional time off to undergo surgery that involved a series of epidural injections for her back pain. (R. Doc. 1 at 4-5).

Plaintiff alleges that she seeks recovery of "substantial past, present, and future wage losses, costs due to the loss of medical insurance, other costs due to the firing, and mental and emotional distress," and seeks to "be awarded all back pay, fringe benefits, front pay and other compensation lost. . . ." (R. Doc. 1 at 9-10). Defendant has raised the defense that Plaintiff's "claims should be reduced and/or Blue Cross is entitled to a setoff or credit for any sum earned

and/or which could have been earned by the plaintiff in accordance with her duty to mitigate her damages." (R. Doc. 4 at 2).

On December 31, 2020, Defendant mailed notice to Plaintiff that it was serving a subpoena that very day to obtain records from Plaintiff's current employer, United Healthcare Services, Inc. (R. Doc. 9-2 at 1).[1] The subpoena seeks the production of Plaintiff's "employment records including personnel files and payroll, benefits, and retirement records" in Baton Rouge, Louisiana on February 1, 2021. (R. Doc. 9-2 at 5-9).

Plaintiff seeks an order quashing the subpoena under Rule 26(c) and requiring Defendant to seek the information directly from Plaintiff. (R. Doc. 9). While Plaintiff admits that some of the information sought is "useful" to determining her post-filing wages and front pay, she nevertheless argues that the "subpoena seeks irrelevant information or it seeks information that can be provided without harassing, embarrassing and oppressing Plaintiff." (R. Doc. 9-1 at 2). Plaintiff's concern is that her employer will likely look "unfavorably on learning" that she is suing her previous employer. (R. Doc. 9-1 at 2).

In opposition, Defendant argues that the subpoena seeks information relevant to damages and credibility, Plaintiff's current employer is the best custodian of the information sought, and the subpoena and notice to Plaintiff were timely issued. (R. Doc. 11).

**II.     Law and Analysis**

    **A.     Legal Standards**

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis

---

[1] Plaintiff assumes the subpoena was served on December 31, 2021 as stated in the notice. Neither party has submitted proof of service.

that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

**B.    Analysis**

As a preliminary issue, Plaintiff argues that she did not receive sufficient notice with respect to the subpoena. (R. Doc. 9-1 at 2). Rule 45 provides that notice to other parties must be provided prior to service of a subpoena, but it does not provide an applicable timeframe: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Failure to comply with this requirement is ground to quash the subpoena.

The timing of service, however, is unclear. In opposition, the defense represents that the subpoena was issued and mailed to the non-party on December 31, 2020. With the January 1, 2021 holiday and then the weekend, receipt could not have occurred until Monday, January 4, 2021. This is the same day that Plaintiff claims he was provided notice. Even assuming that mailing constitutes service under Rule 45, Plaintiff had sufficient opportunity to file the instant motion prior to the return date of February 1, 2021. The Court will not quash the subpoena for failure to provide notice to plaintiff and will address the merits.

The subpoena seeks the production of Plaintiff's "employment records including personnel files and payroll, benefits, and retirement records" in Baton Rouge, Louisiana on

February 1, 2021. (R. Doc. 9-2 at 5-9). There does not appear to be any dispute that the payroll, benefits, and retirement records are relevant with respect to potential damages and mitigation. Indeed, parties often agree that such documents are the proper subjects of subpoenas served on a current employer even where other documents are in dispute. *See Hansen v. Alamo Mobile X-Ray & EKG Servs., Inc.*, No. 14-01070, 2015 WL 12866215, at *3 (W.D. Tex. Oct. 7, 2015) ("Hansen does not object to the request for payroll and benefit information from his subsequent employers."); *Blair v. Pride Indus., Inc.*, No. 14-00183, 2015 WL 11251771, at *3 (W.D. Tex. Jan. 27, 2015) ("[T]here is little question that the payroll records are relevant to Defendant's mitigation. Any information related to Plaintiff's earnings is relevant to the determination of potential damages in this case."); *Richardson v. BBB Grp., Inc.*, No. 14-1014, 2014 WL 1724761, at *1 n.1 (N.D. Tex. Apr. 30, 2014) ("BBB's request for Plaintiff's pay records is certainly relevant to the issues of damages and mitigation."); *McDonald v. Mentor 4, Inc.*, No. 06-0026, 2006 WL 8437702, at *1-2 (N.D. Tex. July 20, 2006) ("Both parties agree that plaintiff's salary and benefit information are relevant to the issue of mitigation of damages.").

At least one decision in this Circuit has quashed a subpoena seeking information from a current employer, where a less intrusive method of discovery was available, given the plaintiff's "legitimate concern that the disclosure of her dispute with her past employer may have a direct negative effect on her current employment." *See Richardson*, 2014 WL 1724761, at *1 (citing cases). In this case, Defendant has argued that Plaintiff's current employer "is the custodian of the best evidence" of Plaintiff's wages and benefits. (R. Doc. 11 at 3). While Plaintiff has offered to produce certain payroll documents if sought by requests for production, Plaintiff has made no representation that she is in possession, custody, or control of all "payroll, benefits, and retirement records" sought from her current employer. Furthermore, the instant lawsuit is a

matter in the public record and the subpoena appears to have already been served. It is, therefore, unclear how quashing the subpoena would prevent Plaintiff's current employer from learning about the existence of the instant lawsuit. Plaintiff has failed to show how the production by her current employer of for relevant payroll, benefits, and retirement records would subject her to annoyance, embarrassment, or oppression. Accordingly, the Court will allow Defendant to seek this information.

That said, the Court finds no basis for allowing Defendant to obtain the remainder of Plaintiff's employment file, including personnel records, performance reviews, and disciplinary records. Defendant argues that it "should be allowed to review Plaintiff's current employment records for information related to her credibility regarding what information Plaintiff may have provided to her current employer regarding the reasons for leaving (or for her termination from) her employment" with Defendant. (R. Doc. 11 at 3). That is a broad and speculative basis for seeking Plaintiff's entire employment file. Having considered the record and the arguments of the parties, the Court concludes that Plaintiff's privacy interest in this information outweighs any likely benefit to Defendant for the purposes of impeaching her credibility. *See Hansen*, 2015 WL 12866215, at *3 ("[E]fforts to use third-party subpoenas to obtain a personnel file and other documents in the hope of impeaching the plaintiff's credibility 'amounts to nothing more than a fishing expedition.'") (quoting *Reynolds v. York*, No. 04-045, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004).

### III. Conclusion

Based on a foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Quash Defendant's Subpoena (R. Doc. 9) is **GRANTED IN PART and DENIED IN PART** in accordance with the body of this Order. The

subpoena at issue is limited to discovery of Plaintiff's current payroll, benefits, and retirement records. The subpoena is quashed to the extent it seeks additional information from United Healthcare Services, Inc. Defendant is prohibited from using or referring to any documents produced by Healthcare Services Inc. outside of this proceeding. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order to Healthcare Services, Inc.

Signed in Baton Rouge, Louisiana, on January 27, 2021.

                                                                 _____
                                                                 **RICHARD L. BOURGEOIS, JR.**
                                                                 **UNITED STATES MAGISTRATE JUDGE**